# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRANDON POLSON, Individually and For Others Similarly Situated,** <br><br> v. <br><br> **THE SOUTHERN COMPANY** | Case No. <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION** |

## ORIGINAL COMPLAINT

### SUMMARY

1. The Southern Company (Southern) misclassified Brandon Polson (Polson) and other workers like him ("Putative Class Members," defined below) as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA).

2. But Southern cannot meet the requirements for any relevant exemption because Southern did not pay them on a "salary basis."

3. Instead, Southern and its staffing companies which created a ruse to give the appearance of compliance by claiming to guarantee Polson and the Putative Class Members a token salary while paying them a substantial hourly rate for every approved hour worked up to 40 in a workweek.

4. The FLSA's "salary basis" test does not permit this type of charade.

5. Southern's purported salary guarantee was not reasonably related to what Polson and the Putative Class members actually earned based on the hours they worked. 29 C.F.R. § 541.604(b).

6. Southern, through its staffing companies would routinely deduct from Polson's and the Putative Class Members' pay using incremental or partial day deductions.

7. Southern's improper deductions also violate the salary basis test.

8. In short, Southern's pay plan fails the salary basis test.

9. Because the salary basis test is a prerequisite to any potentially applicable exemption (administrative, executive, professional, or highly compensated) to the FLSA's overtime requirements, Polson and Putative Class Members are non-exempt employees who are entitled to overtime for every hour above 40 worked in a week.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case raises a federal question under 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

12. Southern is headquartered in Atlanta, Georgia, this District and Division.

## PARTIES

13. During the relevant period, Polson was an hourly employee of Southern.

14. Throughout his employment with Southern, Polson did not receive time and a half for all hours worked (including those hours in excess of 40 hours in a single workweek).

15. His written consent is attached herein as <u>Exhibit 1</u>.

16. Polson was paid according to Southern's illegal pay plan.

17. Southern controlled Polson's work.

18. Southern controlled Polson's pay.

19. Polson relies on his hourly pay.

20. Upon information and belief, hundreds of workers were paid less than time and a half for hours worked over 40 while working for Southern.

21. The workers impacted by Southern's illegal pay scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

22. The class Polson seeks to represent is properly defined as:

**All power plant workers of Southern who were paid at less than time and a half for hours worked over 40 in a workweek (Putative Class Members).**

23. Southern may be served with process by serving its registered agent: Myra Bierria, 30 Ivan Allen Jr. Blvd, Atlanta, Georgia, 30308, or wherever she may be found.

## COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, Southern was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Southern was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Southern was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $10,000,000.

27. Southern has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

28. At all times hereinafter mentioned, Polson and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

**FACTS**

29. Southern is a leader among the nation's energy operators, providing electricity for millions of homes and businesses.

30. In order to provide services to its clients, Southern hires employees (like Polson) which are paid on an hourly basis.

31. Polson worked for Southern at the Vogtle Electric Generating Plant.

32. Polson worked for Southern as a Maintenance Planner.

33. As a Maintenance Planner, Polson would assist with scheduling outages to perform maintenance throughout the nuclear plant.

34. Polson was paid $73 an hour for every approved hour worked.

35. Polson started working for Southern in May 2018.

36. Polson was and is an hourly employee of Southern.

37. While working for Southern, deductions were made from Polson's pay.

38. For example, during the two-week pay period ending on November 27, 2021, deductions were made from Polson's purported "salary."

39. Polson would regularly work more than 40 hours in a week.

40. In fact, Polson routinely worked 50 or more hours a week.

41. For example, in the two-week pay period ending on April 2, 2021, Polson worked 56 hours of overtime and was not compensated at time and a half for hours worked over 40.

42. In one or both of those workweeks, Polson worked overtime.

43. The hours Polson worked are reflected in Southern's payroll records.

44. The hours Polson and the Putative Class Members work is required by Southern.

45. Southern did not pay Polson or the Putative Class Members time and a half overtime for all hours worked in excess of 40 hours in a single workweek.

46. This payment scheme violates the FLSA.

47. Southern employs Polson and the Putative Class Members as full-time employees.

48. Southern provides Polson and the Putative Class Members with a handbook, which describes its employment and pay policies.

49. Polson and the Putative Class Members report to Southern's employees.

50. Southern does not guarantee Polson or the Putative Class Members a set number of hours each week.

51. Southern does not guarantee that Polson and the Putative Class Members would receive their regular weekly amount of pay if a full week of work was performed (40 hours of work in a week).

52. Polson's and the Putative Class Members' pay is routinely deducted using incremental or partial day deductions while they work for Southern.

53. These deductions are improper, which result in a violation of the salary basis test.

54. Southern's additional hourly compensation is not reasonably related to the purported guaranteed flat amount of pay per week.

55. As a result, Southern cannot satisfy its burden to meet the salary basis test.

56. Because the salary basis test is a prerequisite to any white-collar exemption (administrative, executive, professional, or highly compensated) of the FLSA's overtime requirements, Southern cannot satisfy its burden to apply potentially applicable overtime exemption.

57. Polson and the Putative Class Members regularly worked in excess of 40 hours a week and did not receive one-and-a-half times their regular rate of pay for all hours worked over 40 in a week.

58. As a result of Southern's misclassification, Polson and the Putative Class Members are due -and-a-half times their regular rate of pay for all hours worked over 40 in a week.

59. To comply with the FLSA's "reasonable relationship" test, the ratio of "actual earnings to salary" generally cannot exceed 1.5.

### *Southern Willfully Violated, or Reckless Disregarded, the FLSA*

60. Southern knew about the FLSA and its requirements.

61. Southern employed individuals who were tasked with FLSA compliance and classification.

62. Southern knew they had to meet the salary basis test to take advantage of any exemptions for white-collar employees.

63. Southern's staffing companies have been sued for this same pay practice throughout the nation.

64. Southern was and is aware of these lawsuits.

65. Southern knew from this prior litigation history to investigate whether it was complying with the salary basis test.

66. Southern knew the salary basis test could be failed.

67. Southern knew about the Department of Labor's 2018 Opinion Letter requiring the salary basis test and reasonable relationship test be satisfied for "salaried" employees who receive additional hourly compensation.[1]

68. Southern disregarded its knowledge and maintained an illegal "salary plus hourly" compensation scheme.

69. Southern's pay plan violates the FLSA.

70. Southern did not investigate whether the Putative Class Members were actually its employees under the FLSA.

71. Southern knew, or showed reckless disregard for whether, its illegal pay plan violated the FLSA.

72. Southern failure to pay overtime was, and is, a willful violation of the FLSA.

---

[1] See https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/2018_11_08_25_FLSA.pdf (Last visited November 17, 2021).

## FLSA COLLECTIVE ACTION ALLEGATIONS

73. Southern's illegal pay policy extends beyond Polson.

74. Based on their experiences and tenure with Southern, Polson knows Southern's illegal practices were imposed on the Putative Class Members.

75. The Putative Class Members were all paid less than time and a half when they worked in excess of 40 hours per week.

76. The Putative Class Members were not paid a guaranteed salary in accordance with the FLSA.

77. If the Putative Class Members worked under 40 hours, they were only paid for the hours they worked.

78. Numerous individuals were victimized by this pattern, practice, and policy that is a willful violation of the FLSA.

79. Southern's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Putative Class Members.

80. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

81. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

82. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

84. By failing to pay Polson and the Putative Class Members overtime at one-and-one-half times their regular rates, Southern violated the FLSA's overtime provisions.

85. Southern owe Polson and Putative Class Members the difference between the rate actually paid and the proper overtime rate.

86. Because Southern knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Southern owe these wages for at least the past three years.

87. Southern are liable to Polson and the Putative Class Member for an amount equal to all unpaid overtime wages as liquidated damages.

88.     Polson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

89.     Polson demands a trial by jury.

## PRAYER

90.     Polson prays for relief as follows:

   a. An Order designating this case as a collective action and authorizing notice to all Putative Class Members informing them of their right to join this action by filing a written consent pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Southern liable to Polson and the Putative Class Members for their unpaid overtime as well as liquidated damages in an amount equal to their unpaid overtime;

   c. For an Order awarding attorneys' fees, expenses, costs, and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *C. Ryan Morgan*
**C. Ryan Morgan, Esq.**
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
T: (407) 420-1414
F: (407) 867-4791
E: rmorgan@forthepeople.com

/s/ Jeremy Stephens
**Jeremy Stephens, Esq.**
Ga. Bar No.: 702063
Morgan & Morgan, P.A.
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
T: (404) 965-1682
E: jstephens@forthepeople.com
*Attorney for Plaintiffs*

MICHAEL A. JOSEPHSON
STATE BAR NO. 24014780
ANDREW W. DUNLAP
STATE BAR NO. 24078444
RICHARD M. SCHREIBER
STATE BAR NO. 24056278
JOSEPHSON DUNLAP, LLP
11 GREENWAY PLAZA, SUITE 3050
HOUSTON, TX 77046
T: 713-352-1100
F: 713-352-3300
MJOSEPHSON@MYBACKWAGES.COM
ADUNLAP@MYBACKWAGES.COM
RSCHREIBER@MYBACKWAGES.COM

AND

RICHARD J. (REX) BURCH
TEXAS BAR NO. 24001807
BRUCKNER BURCH, PLLC
8 GREENWAY PLAZA, SUITE 1500
HOUSTON, TX 77046
T: 713-877-8788
F: 713-877-8065
RBURCH@BRUCKNERBURCH.COM

**ATTORNEYS FOR PLAINTIFF**